IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY eg D.C.
05 AUG 29 AM 8:20
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

|  |  |  |
|---|---|---|
| FLEM CALHOUN II, | X | |
| Plaintiff, | X | |
| vs. | X | No. 02-2462-Ml |
| FRISCO RAILROAD, et al., | X | |
| Defendants. | X | |

ORDER DENYING IRREGULAR MOTIONS
AND
ORDER DIRECTING CLERK NOT TO ACCEPT ANY DOCUMENTS
FOR FILING IN THIS CLOSED CASE

Plaintiff Flem Calhoun II, a/k/a John Flemming Martin, filed a pro se complaint on June 10, 2002 in connection with the wrongful death of his grandfather, who apparently died in 1948. Then-District Judge Julia Smith Gibbons issued an order on July 31, 2002 that granted leave to proceed in forma pauperis and dismissed the complaint, in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) & (ii), as time barred. Judgment was entered on August 12, 2002. The United States Court of Appeals for the Sixth Circuit affirmed. Calhoun v. Frisco R.R., No. 02-6025 (6th Cir. Mar. 28, 2003).[1]

---

[1] Calhoun apparently filed a motion with the Supreme Court to direct the clerk to file his untimely petition for a writ of certiorari, and his motion
(continued...)

This document entered on the docket sheet In compliance with Rule 58 and/or 79(a) FRCP on 8-29-05

(32)

In the meantime, on August 19, 2002, Calhoun filed a motion, entitled "Request the Commissioner of Social Security to Make a Statement on the Issues," in which he asked the Court to direct the Commissioner of Social Security to provide the correct Social Security numbers for Flem Calhoun, the plaintiff's grandfather, and Cora Calhoun, the plaintiff's grandmother. Judge Gibbons denied that motion on August 26, 2002 because, <u>inter alia</u>, the district court had lost jurisdiction because the case was on appeal. Plaintiff filed a notice of appeal with respect to this order, and the Sixth Circuit affirmed, <u>Calhoun v. Frisco R.R.</u>, No. 02-6216 (6th Cir. Feb. 10, 2004), <u>cert. denied</u>, 125 S. Ct. 332 (2004) (No. 04-5579).[2]

On February 28, 2005, plaintiff filed a motion for stay of judgment, pursuant to 28 U.S.C. § 2101(f), in order to permit him to file a petition for a writ of certiorari. Plaintiff's motion is without merit for several reasons. First, the time has expired for the plaintiff to file a petition for a writ of certiorari with respect to the decision issued by the Sixth Circuit on March 28, 2003, and the plaintiff has already unsuccessfully petitioned for

---

[1] (...continued) was denied. <u>Calhoun v. Frisco R.R.</u>, 123 S. Ct. 1706 (2004) (No. 03M51).

[2] Calhoun subsequently filed a complaint with the United States Court of Federal Claims in which he sought collateral relief from the Sixth Circuit's decision, and money damages, because Judge Gibbons was allegedly part of a conspiracy to conceal the death of the plaintiff's father. The Court of Federal Claims dismissed the complaint for want of subject-matter jurisdiction, and the United States Court of Appeals for the Federal Circuit affirmed. <u>Calhoun v. United States</u>, 98 Fed. Appx. 840 (Fed. Cir. Apr. 6, 2004) (per curiam), <u>cert. denied</u>, 125 S. Ct. 142, <u>reh'g denied</u>, 125 S. Ct. 683 (2004).

2

a writ of certiorari with respect to the decision issued by the Sixth Circuit on February 10, 2004. Thus, there is no decision remaining on which plaintiff can seek Supreme Court review. Although the plaintiff's motion refers to a pending petition for rehearing, the Supreme Court denied the petition for rehearing on November 29, 2004. <u>Calhoun v. Frisco R.R.</u>, 125 S. Ct. 653 (2004).

Moreover, the issuance of a stay in this case would have no practical effect. No order has been entered by any court that requires any person to take, or to refrain from taking, any action. The complaint was dismissed as time barred. The Sixth Circuit agreed that the complaint was time barred. In the extremely unlikely event further review is granted and these decisions are vacated, the case can be heard on the merits.

The motion filed on February 28, 2005 is DENIED.

On July 11, 2005, plaintiff filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(2) on the ground that the dismissal order issued almost three years previously was "erroneous, unfair, and an overt act in furtherance of the unlawful conspiracy to conceal the wrongful death of Flem Calhoun." This motion is untimely, as it was not made within one year after the entry of judgment in this case. Accordingly, this motion is DENIED.

The Clerk is further ORDERED not to accept for filing any additional documents in this closed case, with the exception of a

3

notice of appeal with respect to this order, without prior approval of a district judge or magistrate judge of this district.

IT IS SO ORDERED this __29__ day of August, 2005.

_____
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 32 in case 2:02-CV-02462 was distributed by fax, mail, or direct printing on August 29, 2005 to the parties listed.

---

Flem Calhoun
P.O. Box 468
Jamul, CA 91935

Honorable Jon McCalla
US DISTRICT COURT